## SUPREME COURT.

### William S. Shufelt agt. George H. Power and others.

Where a party is under a stay of proceedings by his opponent, for the return of a *commission*, he is not entitled to a calendar fee ($10) for every circuit at which the cause is noticed for trial, and reached during the stay. [*It would seem that, as a general rule, he ought to be; for if the commission might be returned, after service of notice of trial, in time to try the cause, it should be in readiness for trial.*—Reporter.]

To entitle a party to this fee, it must appear, not only that the cause has been regularly put upon the calendar, but also that it has been *postponed*, or has *not been reached*. A stay of proceedings is, in no proper sense, a *postponement* of the cause—that has reference to something occurring at the circuit, which has the effect to delay the trial.

*Columbia Special Term, April,* 1856.

Motion for retaxation of costs.

The cause being at issue as to two of the defendants, an order was made, upon motion of the defendants who had ap-

peared in the action, for a commission to examine the third defendant, who resided in Michigan. The order was made in September, 1854, with a stay of proceedings until the return of the commission. The commission was returned in June, 1855. Three circuits were held in the county where the venue was laid, between the time of making the order and the return of the commission, at each of which the cause was noticed for trial by the plaintiff and put upon the calendar.

The cause was tried in January, 1856. The plaintiff, having obtained a verdict, claimed to be allowed, upon the taxation of costs, a fee of $10, as a calendar fee for each of the circuits at which the cause had been noticed, pending the order to stay proceedings. These items were objected to by the counsel for defendants, but allowed by the clerk, and inserted in the judgment. The defendants moved for a retaxation.

JOHN GAUL, JR., *for plaintiff*.
DAVID S. COWLES, *for defendants*.

HARRIS, Justice. The plaintiff's counsel insists that he had a right, notwithstanding the order staying his proceedings, to notice the cause for trial, and put it upon the calendar, so that he might be in a situation to try it, in case the commission should be returned. Perhaps this is so, though I am not prepared to say this would be allowable. Yet, if so, there is another objection to the allowance of calendar fees during the operation of the order staying proceedings.

To entitle a party to this fee, it must appear not only that the cause has been regularly put upon the calendar, but also that it has been *postponed*, or *has not been reached*. It is not pretended that the cause was not reached as often as it was put upon the calendar. It was not tried because the plaintiff was not in a condition to try it: he was under an order staying his proceedings. Nor was this stay, in any proper sense of the term, a *postponement* of the trial. The term, "*postponed*," as used in the 8th subdivision of the 306th section of the Code, evidently has reference to something occurring at the circuit,

which has the effect to delay the trial. When, by the order of the court, or, perhaps, by the agreement of the parties, a cause, which might otherwise have been tried, is put over the circuit, the party ultimately successful will be entitled to the circuit fee allowed by this section of the Code, unless some order or agreement to the contrary has been made by the court or the parties. In this case, the cause, even if properly on the calendar, was not postponed at the circuit, nor is it pretended that it was not reached. The circuit fees were, therefore, improperly allowed.

An order must be entered deducting $30 from the costs, as taxed by the clerk. Neither party is entitled to costs upon this motion.